SHEILA T. ROSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rose v. Commissioner
Docket No. 1315-86.
United States Tax Court
T.C. Memo 1987-51; 1987 Tax Ct. Memo LEXIS 212; 52 T.C.M. (CCH) 1502; T.C.M. (RIA) 87051; January 22, 1987. Sheila T. Rose, pro se. Wilton A. Baker, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d)(3) of the Code (redesignated sec. 7443A(b)(3) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioner's 1982 Federal income tax in the amount of $1,726. After concessions by both parties, [2] the sole issue for determination *213 is the deductibility by petitioner of $2,611.15 in claimed legal and professional expenses. Petitioner was a resident of Potomac, Maryland, at the time she filed her petition herein. Petitioner is a physician who had been employed by the Department of Health and Human Services at St. Elizabeth's Hospital, a psychiatric hospital, at Washington, D.C. Petitioner filed an unsuccessful appeal with the Merit Systems Protection Board from agency action which placed her in an A.W.O.L. status and which issued a notice of proposed removal. See . She was removed from her position about January 7, 1982. Petitioner testified that the Federal government wrongfully withheld five and one-half months salary from her in 1981. She further testified that she incurred legal costs in 1982 in connection with her removal *214 from her position and in connection with obtaining unemployment compensation. Of the $2,611.15 deduction still in dispute, petitioner testified that $2,400 represented such legal costs. Petitioner believed, and still believes, that official misconduct by high Federal officers has made it impossible for her to receive a fair review of her employment dispute with the Federal government since 1981. Although she admitted that she had no positive proof that respondent is a participant in a conspiracy to discredit her, she believes that several coincidences in connection with various communications she has had with respondent at least tend to show a selective choice of her 1982 return for audit, as well as the issuance of a notice of deficiency so arbitrary in nature as to shift the burden of going forward with the evidence from petitioner to respondent. Petitioner's 1982 return indicated a tax due and also indicated that there had been no withholding or estimated tax payments to be credited against the tax due. She received a statement from the Internal Revenue Service, Philadelphia, containing an imposition for underestimation of taxes and interest thereon. She wrote letters of *215 inquiry about this notice and apparently did not receive a reply other than she would be hearing from the Internal Revenue Service, Baltimore. Her return for 1982 was selected for audit on July 13, 1984, after the opinion in her appeal to the Federal Circuit was rendered; she had commenced grieving to Congress about her job removal about the middle of July 1984. She received an appointment letter dated August 20, 1984, from the Internal Revenue Service, Baltimore, in connection with the 1982 office audit. She had never before, in 25 years, been selected for a tax audit. Petitioner refused to supply documentation in regard to the audit. She then received her copy of the agent's examination report on her birthday, May 5, 1985. Yet another coincidence was the fact that on the same date respondent filed his answer herein, petitioner received another request (collection notice) from the Internal Revenue Service, Philadelphia, for addition to tax and interest charges in connection with the 1982 return she filed. A statutory notice of deficiency is entitled to a presumption of correctness with respect to the determined deficiencies. . *216 The substantive burden of proof or persuasion is upon the taxpayer, who must prove by a preponderance of the evidence that respondent's determinations are invalid. Rule 142(a); . However, where a taxpayer presents "competent and relevant credible evidence" that a determined deficiency is incorrect, then the statutory presumption of correctness may be overcome so that the procedural burden of going forward with the evidence is shifted to respondent. . [3]
We hold that respondent's determination of a deficiency was reasonable and not arbitrary. Petitioner had unreported income, the amount of which she has conceded by stipulation. Further, her argument that respondent's concession of a portion of his previously disallowed legal and professional costs goes to prove the arbitrariness of respondent in issuing the notice of deficiency simply makes *217 no sense. Petitioner admitted that she had refused to supply respondent with any substantiation for these deductions prior to the issuance of the statutory notice. Thus, it was her refusal to prove that she was entitled to the deductions at audit that brought about her predicament. The notice of deficiency was not arbitrary. Petitioner, who was representing herself, was warned several times during the trial that she bore the burden of proving her entitlement to the deductions in question. Although she stated she had canceled checks pertaining to legal fees paid in 1982 in her possession, she refused to present them in evidence, contending that to do so would be an invasion of her privacy and that of her attorneys. [4] Accordingly, petitioner has failed to prove her entitlement to the remaining amounts in controversy since she has not substantiated either the total or the nature of the expenditures. Because of concessions by the parties, Decision *218 will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent disallowed $6,466.46 of legal and professional expenses of which amount he has conceded the deductibility of $3,855.31. Petitioner conceded additional income included in respondent's determination as follows: wages $1,557, interest $153, unemployment compensation $855.41.↩
3. See also , vacating and remanding , on remand .↩
4. Sensitive to her concerns, respondent agreed to allow the deduction if petitioner would allow the Court, in camera, to view the checks and if the Court could ascertain that they were payable to attorneys, and totaled $2,400.↩